Shay *v.* Tuolumne Water Co.—Sacramento V. R. R. Co. *v.* Moffatt.

The suit was brought to recover damages of the company, for flooding the plaintiffs' claim with water. On the trial of the cause, the Court permitted the plaintiffs to ask one of their witnesses whether individual members of the company had employed him to drive them out of their claims.

This was error; the company was an incorporation and was not bound by the acts or admissions of its members, unless they were acting by its express authority. It is said that this interrogatory was answered in the negative, so that no harm could possibly arise to the defendants from the question. The record does not contain the answer, and it is but justice to presume that the Court below in view of the whole case, has properly exercised its discretion.

Judgment affirmed, with costs.

---

# SACRAMENTO VALLEY R. R. COMPANY *v.* MOFFATT *et al.*

If by the construction of a railroad through the enclosure of a farmer, it is made necessary to construct fences on either side of the road, to protect his crops, the cost of such fences must be included in the compensation to be paid by the railroad company.

APPEAL from the District Court of the Sixth Judicial District.

There is but one question raised in this case, which is fully stated in the opinion of the Court.

*Harmon, Sunderland & Stanley,* for Appellants.
Cited 23 Verm. R. 387, and cases there cited.

No brief on file for Respondents.

Mr. Justice TERRY delivered the opinion of the Court. Mr. Justice HEYDENFELDT concurred.

This is an appeal from an order confirming the report of Commissioners appointed (under the Act to provide for the incorporation of railroad companies,) to ascertain the compensation proper to be made to respondents, for damages sustained by reason of the construction of the appellants' road through their lands.

Appellants contend that an allowance for building fences on either side of the road, was improperly included in the compensation reported by the Commissioners.

The statute provides that the Commissioners shall ascertain and report the compensation proper to be made, for the land or other property taken or injuriously affected. The phraseology of this section is peculiar, and was evidently intended to include every sort of damage which the owner of the land should sustain by the act of the corporation.

If by constructing the road through the enclosure of a farmer, it is made necessary to build fences on either side of the line in order to protect the crops, his land is injuriously affected to that extent, and the costs of such fences should be included in the report.

Judgment is affirmed, with costs.