# The Mansfield, Coldwater & Lake Michigan Railroad Company v. Orsamus B. Clark.

*Petition to acquire lands for railroad purposes: Description of premises.* A petition by a railroad company to acquire title, for railroad purposes, to lands used and occupied as a street, which does not disclose whether said lands are designed to be appropriated as the property of the respondent, or whether they were included in the petition for the purpose of having an assessment of the respondent's damages by reason of his ownership of premises fronting on the street, is fatally defective.

*Report of jury: Title to lands sought to be condemned for railroad.* An award of a jury in such case, which discloses that the jury assessed the damages which they thought the respondent entitled to on account of his "claiming" to own certain land, used and occupied as a street, without determining whether in fact he did own it, and from which it does not appear whether the damages awarded were the estimated value of the land or only that of some doubtful claim they supposed him to be setting up, cannot be sustained.

*What not a finding of necessity of taking for public use.* A finding in the verdict of a jury in such case that "it is necessary that said real estate and property should be taken for the purposes of said company," is not such a finding of the necessity for the taking of said property for the public use, either in form or substance, as is required by the constitution.—*Article XVIII.*, § 2.

*Requisites of report of jury as to public use.* The report of the jury or commissioners, in such cases, must distinctly find that the taking is necessary for the public use and benefit; and to make such a report they must be satisfied not only that the particular land is needed for the construction of the work, but also that the work itself is one of public importance.

*Qualifications of jurors: Freeholders.* Where the claimant was present at the impaneling of the jury, and no challenge was interposed, the objection to the confirmation of the report of the jury, that the jurors are not affirmatively

THE MANSFIELD, COLDWATER AND LAKE MICHIGAN R. R. Co.
*v.* CLARK.

shown to be freeholders, in the absence of any showing that any of them were disqualified, is not well taken.

*Proper course to summon jury of particular qualification.* The proper course, when a jury is required of persons possessing a particular qualification, is for the order of the court to direct the summoning of such persons.

*Heard October 14. Decided October 24.*

Appeal from Branch Circuit.

This was a petition by the railroad company, against Orsamus B. Clark, to acquire title to certain lands. The description of the premises, required to be taken, in said petition, is as follows, viz:

"That the following real estate and property in said county is required by your petitioner for the purpose of constructing and operating its said proposed road, to wit: That part of the first three lots lying on the north side of Railroad street, and next east of Division street, in the city of Coldwater, in said county of Branch, which is within one rod of the center line of said railroad, as surveyed, located and staked across the same, said center line entering the same on the east line of Division street, at a point which is one hundred and fifty-three feet northerly of the center of the Lake Shore & Michigan Southern railroad track, at a point where the east line of Division street crosses; thence south seventy-five degrees thirty-eight minutes east, four hundred and sixty and one-half feet to the north line of the said Lake Shore & Michigan Southern railroad company's right of way as now fenced, but the last two hundred and twenty-two and one half feet mentioned is used and occupied as a public highway called Railroad street aforesaid, said strip of land containing eighteen one-hundredths of an acre, excluding that part thereof used for Railroad street aforesaid, and belongs to Orsamus B. Clark, of the city of Coldwater aforesaid."

The report of the jury was as follows, viz:

"We, the undersigned jury, struck and summoned under

and by virtue of an order of said court, made the 12th day of August, A. D. 1871, to ascertain and determine the necessity of said company's taking and using, for the purpose of constructing, operating and maintaining their railroad, the following described real estate and property, to wit: That part of the first three lots lying on the north side of Railroad street, and next east of Division street, in the city of Coldwater, in said county of Branch, which is within one rod of the center line of said railroad, as surveyed, located and staked across the same, said center line entering the same on the east line of Division street, at a point which is one hundred and fifty-three feet northerly of the center of the Lake Shore & Michigan Southern railroad track at a point where the east line of Division street crosses; thence south seventy-five degrees thirty-eight minutes east, four hundred and sixty and one-half feet to the north line of the said Lake Shore & Michigan Southern railroad company's right of way as now fenced; but the last two hundred and twenty-two and one-half feet mentioned is used and occupied as a public highway called Railroad street aforesaid.

"The amount of land embraced in said description, and to which title is sought to be acquired is (excluding Railroad street) eighteen one-hundredths acres, said premises being owned by Orsamus B. Clark aforesaid, of Branch county, in the state of Michigan. The said Orsamus B. Clark also claimed before us to own that portion of said strip of land, two hundred and twenty-two and one-fourth feet in length, which is used and occupied as Railroad street aforesaid, and we have included in our award (below) the damages and compensation he is entitled to for the same being taken and used for the purpose aforesaid, and

23 MICH.—66.

to ascertain and determine the damages and compensation to be allowed therefor, respectfully report:

"That we met at the time and place appointed therefor by the court, and after having taken and subscribed the oath required by law, and all of the jury being present and acting together during the proceedings, and under charge of the officer appointed for that purpose, we viewed said real estate and property above described, and after hearing the allegations and proofs of the parties, and having taken and reduced the testimony to writing (minutes of which are hereto annexed), we deem that it is necessary that said real estate and property should be taken for the purposes of said company, and we do ascertain and determine the damages and compensation which ought justly to be made by said company, on account of such taking and use of the same for the purpose of constructing and operating their railroad, to the owners of, and persons interested in, said real estate and property, to be as follows:

"We award to Orsamus B. Clark the sum of one hundred and ten dollars and forty cents.

"Done this 18th day of August, 1871, in the city of Coldwater, state of Michigan."

The respondent brought the matter to this court by appeal.

*John B. Shipman,* for the petitioner.

*E. G. Fuller* and *Ashley Pond,* for the respondent.

COOLEY, J.

The difficulty with the description in the petition in this case, is that we are unable to determine from it whether that portion of the land described as being used and occu-

pied as Railroad street was designed to be appropriated as Clark's property or not. The manner in which it is referred to would rather lead to the inference that it was included in the petition, not because it was Clark's property, but in order that his damages by reason of his ownership of premises fronting on the street might be assessed. But if this were the purpose, the petition would be defective in not showing that he owns any such premises. The jury appear not to have fully understood the matter, but inasmuch as Clark "claimed" to own this piece of land, they assessed the damages they thought him entitled to; but whether they gave the value of the land, or only the value of some doubtful claim they supposed him to be setting up, we are not informed. It is not "claims" which are to be appropriated under the statute, but lands; and a party might be seriously wronged if his freehold might be taken on an award by the jury of a mere nominal compensation, because of their want of faith in the validity of his title. Questions of title to the land appropriated are not to be determined by this jury, but may come up in a proceeding to settle the right to the money awarded.

We think also that the verdict of the jury is defective in that it does not find the necessity for the taking of this property for the public use. What they say is that "it is necessary that said real estate and property should be taken for the purposes of said company." This is not the finding required by the constitution, either in form or substance. If the routes for railroads were prescribed by the legislature, the public necessity for their construction, and for the taking of the necessary land for the purpose, would be thereby determined; but when the associated projectors may select their own line, it is obviously possible that the company may have purposes in which the public have no interest whatever.

Indeed it is quite possible for a railroad to be as much a private way as any other, if the shortness of the line and the interests that can be accommodated by it are such only as preclude its supplying a public need. In such a case it was never contemplated by the constitution that land should be taken against the will of the owner, on a claim of public interest, for a road in which the public had no concern. It would be contrary to the first principles of right to permit any seven or other number of men to lay out a road wherever they might choose, and then to appropriate lands for its purposes, without any finding by a disinterested tribunal that the road was needed.

The constitution provides that "when private property is taken for the use or benefit of the public, the necessity for using such property * * shall be determined by a jury of twelve freeholders residing in the vicinity of such property, or by not less than three commissioners appointed by a court of record as shall be prescribed by law."—*Art. XVIII.*, § 2. Under this provision no use can be deemed public upon a mere assumption by interested parties that it is so; and a finding that the taking is needful to the proposed enterprise is not the same as a finding that it is for the use or benefit of the public. The report of the jury or commissioners must distinctly cover this point in every case; and they cannot properly make one which will warrant the taking of the land, unless satisfied not only that the particular land is needed for the construction of the work, but also that the work itself is one of public importance.—See *Rensselaer & Saratoga R. R. Co. v. Davis, 43 N. Y., 137.*

The objection to the confirmation of the report, that the jurors are not affirmatively shown to be freeholders, is not well taken. No challenge was interposed, nor has there

been any showing that any of the jurors were disqualified. On the contrary, the claimant expressed himself satisfied with the jury when they were impaneled.    The case of *Peninsular R. R. Co. v. Howard, 20 Mich., 18,* is not in point, for in that some of the persons summoned were shown to be disqualified, and the objection was taken as soon as the party became aware of the facts.    Had there been no appearance of the claimant, or no facts operating as a waiver, the case would have been different.    The proper course, however, when a jury is required of persons possessing a particular qualification, is for the order to direct the summoning of such persons.    This is only an ordinary application of the general and very just rule, that in proceedings to take the property of the citizen against his will, all the conditions to the taking which have been prescribed by the law must affirmatively appear to have existed. —*People v. Highway Comr's of Nankin, 14 Mich., 528.*

Although it was not necessary to a decision that we should do so, we have considered the whole case presented by this record, because of the frequency of these assessments, and the great public and private interests involved.    The proceedings under review being void for want of a proper petition, they will be set aside, with costs.

CAMPBELL, CH. J., and CHRISTIANCY, J., concurred.

GRAVES, J., did not sit in this case.