BUTTE COUNTY, Respondent, v. BOYDSTUN et al., Appellants.

No. 8433; January 17, 1883.

**Eminent Domain—Proceedings by County for Highway.**—Provided it shows it has fully complied with the requirements of the statute under which private property may be taken for public uses, a county may institute proceedings to condemn land for purposes of a highway.

**Eminent Domain—Elements of Damages—Benefits.**—Private property cannot be taken from its owner even for a public use unless he is given just compensation; and this consists of the whole value of the land taken and the damage resulting to the rest of the land,

injuriously affected by the taking, less the amount of benefits accruing to the owner by reason of the improvement.

**Eminent Domain—Damages—Cost of Fencing.**—In assessing damage to land, not taken but off which land is taken, in condemnation proceedings for a highway, one of the matters to be considered is increased necessary outlay for building fences; and it is error to exclude evidence bearing upon that consideration.

APPEAL from Superior Court, Butte County.

Reardon & Freer for appellants; Gale & Lusk for respondent.

McKEE, J.—This was a proceeding to condemn a strip of land belonging to the appellant for a road in the county of Butte.

Mainly, two questions have been argued and submitted for consideration, namely: 1. Whether the proceeding has been properly brought in the name of the county; 2. Whether the appellant's land has been appropriated by a proper judgment of condemnation.

A county is a public corporation, endowed with capacity to acquire real property within its limits for roads and highways, etc.: Sec. 360, Civ. Code. It is also an integral part of the state, and entitled, as an agent of the state, to the control and management of the roads and highways within its jurisdiction. It is, therefore, a person in charge of a public use, and may exercise the right of eminent domain in behalf of the use: Civ. Code, sec. 1001. But it cannot exercise the right except in the manner provided by title 7, Code of Civil Procedure. Like any other condemning party, it is bound to show that the requirements of the statute which permits it to take private property for public use have been fully complied with. Hence it must, in any proceeding initiated by it for the purpose, show affirmatively that the property which it proposes to take is to be applied to a public use; that it is necessary to take it for that purpose, and that the compensation to which the owner of the property is entitled has been ascertained and assessed according to law. And each of these things must affirmatively appear in the record of the proceedings to have been found as facts by the verdict of a jury or the finding of the court, and to have been confirmed by the judgment of the

court: Secs. 1241, 1251, 1252, supra. If not so found and adjudged, the proceeding will be void. For private property cannot be taken from an owner against his consent, except for a public use, after just compensation for it has been ascertained, assessed and adjudged, and is ready to be paid: Sec. 1253, supra.

Such compensation consists of the whole value of the property to be taken and the damages which may result to the remainder of the land injuriously affected by reason of the taking, less the amount of any benefit which the proposed improvement may be to the owner. What such damages may be, will, of course, depend upon the circumstances of each case. But, under all circumstances, the owner is entitled to the fair market value of the land proposed to be taken, to be estimated at the commencement of the proceeding to condemn (sec. 1249, supra), and, in addition, to the remainder of any damages for the consequential injury to the remaining portion of his land after deducting benefits.

In ascertaining the amount of such damages all the circumstances which naturally injure the property of the owner, in consequence of taking part of it for a public use, should be taken into consideration—such as depreciation in value, difficulty of access, difficulty of carrying on business, danger of fire, and increased necessary expenses in the way of building fences, and the like. Injuries, speculative and remote, should, of course, be excluded: Cooley's Constitutional Limitations, 566.

Applying these principles to the proceeding under consideration, we think the appellant was entitled to prove, as an element of damages, that the proposed taking of a portion of his land for public use would impose upon him the necessity of fencing the remaining portion of his land. If that necessity resulted from the taking, it would be an injury for which he would be entitled to damages, and the ruling of the court in excluding the evidence was erroneous: Moutom v. Scott, 1 Penn. (S. C.) 503; Sacramento v. Moffat, 6 Cal. 74. But the entire proceeding is insufficient for the purpose of condemnation. By the record it appears that the case was heard and determined by the court without a jury, and the court made and filed a finding of facts, which is not in the record. It has stipulated, however, that the finding sustains the ma-

terial allegations of the complaint, and upon it, "as conclusions of law, the court finds: That the opening of said private road and the condemnation of said land belonging to said R. W. Boydstun, and herein sought to be condemned, is absolutely necessary for the purpose of opening said road, and that said road should be laid out and opened, and said land condemned for such purpose upon the payment to said R. W. Boydstun, according to law, the sum of one hundred and fifty dollars, and that each party hereto should pay his own costs. Judgment is hereby ordered accordingly."

But while the complaint contains a description of the location, general route and termini of the proposed road, and of the several parcels of land proposed to be taken, and the names of the owners, it contains no allegations of the right of the plaintiff to condemn, as required by sections 1241–1244, Code of Civil Procedure, or of the value of the lands, or of the sum of the compensation to which the owners are entitled. In the absence from the complaint of any allegations of such material facts, a finding "which sustains the material allegations of the complaint" is, therefore, wholly insufficient (Ladd v. Tully, 51 Cal. 277), and does not respond to the issues made in the proceeding. There was, therefore, no finding and no judgment of a necessity to take the appellant's land for the use of the public, no finding and no judgment that the land was to be applied to a public use, and that the compensation to which the owner was entitled had been ascertained and assessed according to the requirements of the law. A finding or judgment that the land sought to be condemned is necessary for the purpose of opening the road is not a finding or judgment that it is necessary for a public use. "A finding," says the supreme court of Michigan in Mansfield v. Clark, 23 Mich. 519, "that the taking is needful to the proposed enterprise is not the same as a finding that it is for the use and benefit of the public. The report of the jury or commissioners must distinctly cover this point in every case; and they cannot properly make one which will warrant the taking of the land, unless satisfied not only that the particular land is needed for the construction of the work, but also that the work itself is one of public importance": See, also, Rensselaer v. Davis, 43 N. Y. 137; Grand Rapids v. Van Driele, 24 Mich. 410.

Until there is such a finding and judgment rendered in a proper proceeding, under the code, there can be no appropriation; and every step in the proceeding must be taken strictly according to law. It is well settled that whenever the property of an individual is to be devested by proceedings against his will, there must be a strict compliance with all the provisions of the law which are made for his protection and benefit. Those provisions must be regarded as in the nature of conditions precedent, which must not only be complied with before the property owner is disturbed, but the party claiming authority under the adverse proceeding must affirmatively show such compliance: Cooley's Constitutional Limitations, 528.

Judgment and order reversed.

We concur in the judgment: Ross, J.; McKinstry, J.