HENRIETTA LAUE v. CITY OF SAGINAW.

*Municipal corporations—Obtaining land for street uses.*

The charter of Saginaw provides that when it becomes necessary to take private property for a street the council shall first treat with the owner before taking steps to condemn it. *Held,* that this requirement is jurisdictional; and that merely receiving a proposal from the owner and tabling it is insufficient ; acceptance or a counter proposal is necessary.

Certiorari to the Mayor and Common Council. April 11.— April 23.

*Trask, Grout & Smith* for petitioner.

City Attorney *D. P. Foote* for respondent.

CHAMPLIN, J.   The city of Saginaw declared it necessary to establish a certain street, being an extension of Main street to Webster street.   Section 2 of title 4 of the charter of the city (Act No. 227, Local Acts of 1883,) provides that whenever the common council shall by resolution declare that it is necessary to lay out and establish a street across private property, they shall fix a time and place when and where the council will treat with the owners of such land for the right of way across the same.   Section 3 provides that at the time and place fixed for treating with the owners, or at some subsequent time to which the matter may be adjourned, the common council may agree with the owners of such lands for the right of way across the same, and take a release from such owners therefor, or from any of such owners; and section 4 provides that if the common council, for any reason, shall not be able to obtain a release, they may direct the city attorney to apply to a justice to impanel a jury, &c.

The evident object of this statute is that the city may purchase and the land-owners sell the right of way for the proposed street without the necessity or expense of taking proceedings to divest the owner of his property in invitum,

by the exercise of the power of eminent domain. The provision requiring the common council to treat with the landowner is a condition precedent to the exercise of the right of eminent domain, and an honest compliance with the statute is jurisdictional and lies at the foundation of the proceedings. *Chicago & Mich. Lake Shore R. R. Co. v. Sanford* 23 Mich. 418; *Mansfield, Coldwater & Lake Mich. R. R. Co. v. Clark* 23 Mich. 519; Dill. Mun. Corp. §§ 470, 605.

At the time and place fixed by the common council to treat with the owners Mrs. Laue submitted a written communication in which she offered to sell the land to the city for one hundred dollars. The record shows that this communication was "laid on the table." And without accepting or rejecting her proposition, or making her any offer, or any attempt at negotiation, the common council immediately proceeded to direct its attorney to apply to a justice to impanel a jury to condemn the land; and such proceedings were thereupon had that her land was condemned and forty dollars was awarded, not to her, but to her dead husband, as damages and compensation.

To call the action of the common council in this matter a treating with the owners or with Mrs. Laue, is an abuse of language or a misconception of the meaning of words. It was the plain duty of the common council to make as well as to receive proposals for the purpose of adjusting the difference, if any should exist, as to the price to be paid for the right of way over Mrs. Laue's land. Had they done so it is fair to presume that an amicable adjustment could have been reached, and the expense of these proceedings and litigation saved to both parties. The law at least provided the means whereby this desirable object could be attained, if fairly and in good faith complied with.

There are other serious objections made to the proceedings but as this is sufficient to dispose of the case we forbear to notice them. The proceedings must be quashed, with costs to be taxed against defendant.

The other Justices concurred.