WILLIAM S. McCOTTER vs. TOWN COUNCIL OF NEW SHORE-
HAM.

NEWPORT—OCTOBER 28, 1898.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Lay-out of Highway.  Agreeing with Land Owners.*

Land of the appellant was taken for highway purposes.  He was not a resident of the town, but was a tax-payer therein and the owner of record there of a lease under which he paid a yearly rental to the town. The effort of the committee on the lay-out of the highway to agree with him consisted solely of a question to a neighbor who answered that he did not know the appellant's residence :—

*Held,* that this was not sufficient ; the attempt to agree must be made in good faith, and reasonable efforts put forth.

If the committee had been unable to agree with him because of inability to find him after reasonable inquiry as to his residence, he could not complain, and the fact could then be reported to the town council.

(2) *Requisites of Committee's Report.*

The reasons for the inability to agree ought to be stated in the report in order that their sufficiency may be determined, and that the owner may have opportunity to negative them.

When private property is taken for public use *in invitum,* a strict compliance with all the provisions of law is necessary.

(3) *Land Interests Appearing of Record.*

A *profit a prendre* in gross in the land of another is such an estate or interest in the land itself as to entitle the owner to be heard on the question of damages arising from taking the land for public use.

The word "owner," as used in the statute relating to lay-out of highways, includes all persons who have an interest of record in the land over which the highway is laid.

(4) *Right to Lay Out Highway.*

A reservation to the inhabitants of a town of a right to pass over land does not authorize the town council of that town to lay out a highway thereon.

APPEAL from a decree of a town council laying out a highway.  Heard on motion to quash the proceedings.

TILLINGHAST, J.  We think the evidence shows that some of the plaintiff's land is included in the layout of the highway in question; and this being so it becomes necessary, in

the present state of the case, for us to determine whether said land has been legally taken and condemned for the purposes of a highway. The plaintiff contends that it has not, because no attempt was made by the committee appointed to lay out the highway to agree with him as to the damage he should sustain thereby, as required by Gen. Laws R. I. cap. 71, § 4, which is as follows: "They shall also agree with the owners of the land over which such way is laid out, for the damage they shall sustain, if any, by means of such highway passing through their land; and in case they cannot agree with the owners, the town council shall value and appraise the damage, if any, caused by such highway passing through their land." The defendant contends, on the contrary, that the reason why no attempt was made to agree with the plaintiff in the premises was that the committee was unable to ascertain his residence, and hence that the town council had the right to proceed and assess his damages as in a case of failure to agree with the owner.

The facts in the case are these: At the time the proceedings were had the plaintiff was a resident of the city of New York. He owned land, however, in the town of New Shoreham, and he also held, by virtue of an assignment thereof, duly recorded, a lease or agreement in writing, given by said town to one Thomas J. Chubb, to enter upon certain beach land belonging to the town and dig and carry away black sand therefrom, for which privilege he was to pay the town fifteen dollars per annum. The only attempt made to ascertain the plaintiff's residence, so far as appears, was that one of the committee inquired of a neighbor if he knew where the plaintiff lived, and was told that he did not. The report of the committee made to the town council, however, sets forth that "William S. McCotter (the plaintiff) is of the city, county, and State of New York."

(1)    The first question, then, is whether the facts, as thus stated, show that a reasonable effort was made by the committee to agree with the plaintiff for the damages sustained by him in the taking of his land. We do not think they do. To simply inquire of one person as to the residence of the plaintiff, in

view of the facts in evidence, was not enough. "The attempt to agree must be made in good faith and reasonable efforts put forth." Lewis on Em. Domain, § 302. The plaintiff was not only a land-owner, and hence a tax-payer, in the town, but he was also on record as the holder of said lease or agreement in connection with a part of the land included in the lay-out of the highway in question, as aforesaid, and due diligence in ascertaining his residence required that the committee should have made a more careful inquiry concerning him. If any reasonable inquiry had been made, it is evident that his residence could have been ascertained and an attempt made to agree with him as to his damages. Had the committee been unable, after reasonable inquiry, to ascertain the whereabouts of the plaintiff, he would have no occasion to complain, as the statute does not require an impossibility. It simply requires that an honest effort be made to agree with the owner, and this requirement is satisfied, in case of a non-resident or person who cannot be found, by a reasonable attempt to find him. In other words, if the owner cannot be found, it necessarily follows that the committee will be unable to agree with him as to his damages; and they may (2) properly so report to the town council. The reasons of the inability to agree, however, ought to be stated, so that the court may determine as to their sufficiency, and also that the owner of the land may negative and disprove them. *Matter of Marsh*, 71 N. Y. 315.

It is well settled in this State, and such is doubtless the law generally, that when private property is taken for public use *in invitum*, a strict compliance must be had with all the provisions of law which are made for the protection and benefit of the owner, or else the proceeding will be ineffectual. *Pettis* v. *City of Providence*, 11 R. I. 372; *Howland* v. *School District*, 15 R. I. 184; *In re Canal Street*, 18 R. I. 129; *Gilmer* v. *Lime Point*, 19 Cal. 47 (58); Mills on Em. Domain, §§ 105–8; see, also, Lewis on Em. Domain, § 301, where the cases bearing on the question are collected. The provision of the statute above quoted is clearly intended for the benefit of the owner of the land. It enables him to treat

with the committee appointed to lay out the highway, and, if an agreement can be made as to the damages which he sustains, to obtain the amount thereof without further trouble or expense. _Laue_ v. _Saginaw_, 53 Mich. 442. And in whatever language the direction of such a statute may be couched, it is generally held to be imperative and a condition precedent to the power to condemn. _Howland_ v. _School District_, 16 R. I. 257; Lewis on Em. Domain, § 301.

The case of _Hazard_ v. _Middletown_, 12 R. I. 227, relied on by defendant's counsel as showing that the statute above quoted is directory merely, is not in point. The statute there referred to provided that "Said three men accompanied by a justice of the peace and a constable, or the town sergeant of the town, to be named by the town council for that purpose, shall go to the place where such highway is ordered to begin, and from thence to proceed to survey, bound and mark out a highway," &c. The court held that the provision as to the attendance of said officers upon the committee was directory merely, because, as said by Durfee, C. J., "Those officers have nothing whatever to do except to accompany the committee, and therefore, if the committee sees fit to dispense with their company we do not see how the land-owners are prejudiced. They are merely attendants, useful to preserve order and to assist the committee ministerially in the execution of its office, though not necessarily participant, even ministerially, and consequently no more indispensable to the committee than attendants of a court are to the court. In other words, we think the provision for their attendance is not imperative but simply directory."

(3)    The second question raised is whether the plaintiff has such an interest in the town land known as the East Beach, through which said highway is laid, as to entitle him to be heard on the question of damages. It appears that in 1868 the town granted and conveyed to Thomas J. Chubb, of Brooklyn, N. Y., his heirs and assigns, "the unmolested, perpetual and exclusive right and privilege to enter upon, mine, dig out and carry away the mineral substances known as Black Sand," from the land now referred to, together with the

right to erect thereon such buildings and structures as might be required for the management of said business, the lessee to pay therefor the yearly rent of fifteen dollars.   It further appears that the plaintiff is the owner by assignment of the rights aforesaid.   We think the rights conveyed under the agreement entitle the plaintiff to be heard on the question of damages.   Said agreement is not a mere license to go upon the land for a certain specified purpose, which may be re-- voked at any time, but is practically equivalent to a lease in that it conveys an interest in the land itself in consideration of a stipulated rental therefor.   At any rate, the right con- veyed amounts to a *profit a prendre* in gross in the land of another, and hence it must be held to be an interest or estate in the land itself.   *Cadwalader* v. *Bailey*, 17 R. I. 495 (500– 501); *Post* v. *Pearsall*, 22 Wend. 425; *Wickam* v. *Hawker*, 7 M. & W. 62; 19 Am. & Eng. Ency. L. 259–61, and cases; *Tinicum Co.* v. *Carter*, 61 Pa. St. 21.

The point made by the defendant's counsel, that the phrase ".owners of the land" in said statute does not include those having an interest therein less than a fee, is not tenable. The word *owners*, as there used, is comprehensive enough to include all persons who have an interest of record in the land over which the highway is laid.   *Gilligan* v. *Board of Al- dermen*, 11 R. I. 258.   See also *Allyn* v. *R. R. Co.*, 4 R. I. 457; *Whalen* v. *Bates*, 19 R. I. 274 (277).

(4)    As to the defendant's contention that the lease or agree- ment aforesaid reserves to the town the right to occupy so much of said beach land as is necessary for the purposes of a highway, without compensation to the lessee, we do not think it is tenable.   The language of the agreement in this regard is as follows:   "And provided further that nothing in said grant shall be construed to vest in said party of the second part the right in fee of said land or beach or to pre- vent said inhabitants from passing and repassing over the same at all times *in a manner not to interfere with the busi- ness aforesaid of the party of the second part.*"   We think it is clear that this language does not authorize the town council to lay out a highway over said land.   The reserva-

tion is simply in favor of the inhabitants of the island, and does not purport to confer any authority upon the town in its corporate capacity, or upon the town council thereof. The object of the reservation evidently was to enable the inhabitants to pass over said beach land for the ordinary purposes connected with the shore, in so far as this could be done without interfering with the plaintiff's business.

The motion to quash the proceedings must therefore be granted.

*Stephen O. Edwards, Walter F. Angell, Seeber Edwards and Albert Gerald,* for appellant.

*Christopher E. Champlin,* for appellee.