MICHIGAN CONSOLIDATED GAS COMPANY *v.* SOHIO
PETROLEUM COMPANY.

1. GAS—OPERATORS OF PIPE LINES—STATUTES.

Corporation which merely sought to gather and transmit gas
owned by it from its own wells and sell it to a single contract
-purchaser was not thereby subjected to statute regulating
operators of pipe lines transporting natural gas for hire, com-
pensation or otherwise (2 Comp. Laws 1929, §§ 11632–11651).

2. CARRIERS—FOR HIRE.

In order to be a carrier for hire a person must be equipped for
carrying others or other persons' property for a compensation
in some form.

3. SAME—TRANSPORTATION OF OWN GOODS.

To transport one's own goods is not to be engaged in the trans-
portation business.

4. GAS—"BUYING AND SELLING."

A corporation which merely produced natural gas from its own
wells, piped and sold it to a single contract purchaser is not
engaged in the business of "buying and selling" natural gas
since it merely sells but does not buy (2 Comp. Laws 1929,
§ 11632).

5. SAME—TRANSPORTATION OF OWN GAS—CERTIFICATE OF CONVEN-
IENCE AND NECESSITY—EMINENT DOMAIN.

While transportation of a corporation's own gas for sale to a
single contract purchaser cannot be demonstrated to be a mat-
ter of public convenience and necessity, such corporation would

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 9 Am. Jur., Carriers, § 29; 24 Am. Jur., Gas and Oil, §§ 152, 153;
Gas Companies, § 3.
[3] 9 Am. Jur., Carriers, §§ 5, 29.

not be prohibited from such transportation without obtaining a certificate of convenience and necessity where statute regulating pipe-line operators evidences no such intent although, since it is not subject to such act, it would not have the right of eminent domain conferred thereunder (2 Comp. Laws 1929, §§ 11633, 11634, 11638).

Appeal from Ingham; Coash (Louis E.), J. Submitted October 16, 1947. (Docket No. 75, Calendar No. 43,844.) Decided May 18, 1948.

Bill by Michigan Consolidated Gas Company against Sohio Petroleum Company and others to enjoin construction of a pipe line and approval of pipe line by defendant Michigan Public Service Commission. Bill dismissed. Plaintiff appeals. Affirmed.

*Clare J. Hall* (*Sigmund S. Zamierowski,* of counsel), for plaintiff.

*McAfee, Grossman, Taplin, Hanning, Newcomer & Hazlett* and *Butterfield, Amberg, Law & Buchen,* for defendant Sohio Petroleum Company.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *James W. Williams* and *Daniel J. O'Hara,* Assistants Attorney General, for defendant Michigan Public Service Commission.

DETHMERS, J.   Under an order of the Michigan public service commission, entered June 18, 1946, in conformity with the provisions of Act No. 9, Pub. Acts 1929 (2 Comp. Laws 1929, §§ 11632–11651 [Stat. Ann. §§ 22.1311–22.1330]), hereinafter referred to as Act. No. 9, the plaintiff is a common purchaser of natural gas from certain sections in Garfield and Freeman townships in Clare county and Orient and

Sylvan townships in Osceola county, hereinafter called the Garfield-Orient field, in and from which it owns and operates a gathering and transmission pipe line.

Defendant Sohio Petroleum Company is the owner and operator of a natural gas pipe line extending from Coldwater township, Isabella county, to the city of Midland, used for transporting natural gas from wells owned and operated by it in the Coldwater field to a contract purchaser, Dow Chemical Company, at Midland. In the summer of 1947 Sohio began an extension of its pipe line from Coldwater township to the Garfield-Orient field, in which it also owned a number of gas wells, for the purpose of gathering its gas from those wells and transporting and selling it to Dow Chemical Company.

Thereupon plaintiff filed its bill of complaint alleging that Sohio has not sought nor obtained approval of its pipe line from the Michigan public service commission nor a certificate of public convenience and necessity therefor as provided in Act No. 9; that plaintiff, as a common purchaser in the Garfield-Orient field, alone has the right to gather gas therein; that plaintiff is willing and able to purchase all gas produced in that field; that an existing gas shortage makes it impossible for plaintiff, as a utility, to supply all the demands of its customers and that the gas owned by Sohio in its wells in that field should be used for the benefit of plaintiff's customers; that by gathering and transporting and selling gas from its own wells in the Garfield-Orient field Sohio violates the plaintiff's rights as the sole common purchaser of gas in that field; that plaintiff, as a common purchaser, is subject to proration under commission rules as relates to wells from which it gathers gas, that such wells are set-offs to Sohio's wells, and, if Sohio be permitted to proceed without commission regulation and not subject to proration orders, plain-

tiff will be deprived of the full amount of gas it would otherwise obtain from wells it owns or as to which it has gas purchase contracts; that two competing gathering systems in the field will cause a waste of gas and will not preserve public peace, safety and convenience; that no one may locate or operate a gas pipe line along or across highways without commission approval; that natural gas is volatile and its transportation involves hazards and, for that reason, Act No. 9 confers regulatory powers with respect thereto on the commission in order to promote public safety; that Sohio may not construct its pipe line without commission approval and a certificate of public convenience and necessity. Plaintiff's bill prays, therefore, that the defendant public service commission be enjoined from giving its approval to construction of such pipe line and gathering branches by Sohio and from granting it a certificate of convenience and necessity until Sohio has filed with the commission the application and information required by section 9 of Act No. 9 and a hearing is had thereon, and that Sohio be enjoined from proceeding with the construction of its transmission line and gathering branches and, if completed, from transporting natural gas through them and from interfering with plaintiff's rights as a common purchaser in the Garfield-Orient field.

A hearing was had on a show cause order for an injunction as prayed during pendency of suit and on defendant Sohio's motion to dismiss plaintiff's bill of complaint. From an order dismissing the bill of complaint and dissolving a temporary injunction restraining Sohio from constructing the pipe line or transporting gas through it the plaintiff appeals.

In its statement of reasons and grounds of appeal, and also in its statement of questions involved on appeal, plaintiff takes the position that the court erred in dismissing plaintiff's bill of complaint and dis-

solving the temporary injunction and in holding that
Sohio was transporting gas for strictly private use
and not for hire and was, therefore, not within the
terms of Act. No. 9. The issues raised by plaintiff's
bill of complaint and the restraining order are, there-
fore, before us, including not only the question of
Sohio's right to construct the pipe line without pre-
vious commission approval, but also its right to op-
erate the pipe line and transport its gas through it
without compliance with Act No. 9 and without a
certificate of public convenience and necessity.

In contending that Sohio is subject to and must
comply with Act No. 9 as relates to its operations
here involved, plaintiff relies on the following pro-
visions of the act:

"Section 1. Every corporation, association or
person, now or hereafter exercising or claiming the
right to carry or transport natural gas by or through
pipe line or lines, for hire, compensation or other-
wise, or now or hereafter exercising or claiming the
right to engage in the business of piping or trans-
porting natural gas, or any other person or persons,
now or hereafter engaging in the business of buying
and selling or transporting natural gas within the
limits of this State, shall not have or possess the
right to conduct or engage in said business or opera-
tions, in whole or in part, as above described, or have
or possess the right to locate, maintain or operate the
necessary pipe lines, fixtures and equipment thereto
belonging, or use in connection therewith, concern-
ing the said business of carrying or transporting
natural gas as aforesaid, on, over, along, across,
through, in or under any present or future highway,
or part thereof, or elsewhere, within the State, or
have or possess the right of eminent domain, or any
other right or rights, concerning said business or
operation, in whole or in part, except as authorized
by and subject to the provisions of this act, except,
further, and only such right or rights as may already

exist which are valid, vested, and incapable of revocation by any law of this State or of the United States.  *  *  *

"SEC. 9.  Any corporation, association or person within the terms of this act desiring to construct transmission mains for the transportation or conveying of natural gas from its source to the locality or localities where utilized, shall submit to the commission, accompanied by due application, a map or plat of such proposed line or lines which it desires to construct, showing the dimensions and character of such proposed pipe line or lines, its compression stations, control valves, and connections, and shall first receive the approval of the commission of such map, route and type of construction before proceeding with the actual construction of such transmission lines, and it shall be the duty of the commission to examine and inquire into the necessity and practicability of such transmission line or lines and to determine that such line or lines will when constructed and in operation serve the convenience and necessities of the public before approval of such map and proposed transmission line or lines."

Except for the allegations that Sohio is not a utility and that it is constructing a pipe line with the avowed intention of gathering and transmitting gas owned by it from its own wells, plaintiff's bill of complaint is silent as to the nature, purpose, character or destination of such transmission by Sohio. Is it thus made to appear that Sohio is within the terms of Act No. 9 so as to be subject to the provisions of section 9 thereof? We think not. Had plaintiff's bill further alleged, as established by testimony, that it was Sohio's purpose to transport its own gas for sale to a single contract purchaser, we think the case would be no different.

Section 1 of the act specifies three classes, namely:

(1) Those transporting natural gas through pipe lines for hire, compensation or otherwise:

Plaintiff's bill does not allege that Sohio has or intends to transport gas for others for hire or compensation nor do the proofs so show. In *People* v. *Montgomery,* 92 Col. 201 (19 Pac.[2d] 205) the court held that a statute purporting to regulate private carriers "for compensation or hire" did not apply to one "hauling for sale at a profit his own coal in his own motor truck over the public highways of the State from the place of purchase to the place of delivery upon sale." The term "transport for hire" has been defined as follows:

"In order to support the conclusion that defendant is a carrier for hire, there must be evidence showing that defendant is equipped for carrying persons or property, and that it is engaged in carrying or offers to carry persons or property other than itself or its own property for a compensation in some form." *Murphy* v. *Standard Oil Co.,* 49 S. D. 197 (207 N. W. 92).

" 'For hire or reward,' as used in these ordinances, means to transport passengers or the property of other persons than the owner or operator of such truck for a reward or stipend, to be paid by such passengers or the persons for whom such property is transported to the person owning or operating the truck." *City of Sioux Falls* v. *Collins,* 43 S. D. 311 (178 N. W. 950).

See, also, *State* v. *Manhattan Oil Co.,* 199 Iowa, 1213 (203 N. W. 301); *Kroger Grocery & Baking Co.* v. *City of Cynthiana,* 240 Ky. 701 (42 S.W.[2d] 904); *Hughson Condensed Milk Co.* v. *State Board of Equalization,* 23 Cal. App.(2d) 281 (73 Pac.[2d] 290).

(2) Those engaged in the business of piping or transporting natural gas:

Plaintiff's bill of complaint alleges no facts from which it may be concluded that Sohio is engaged in such business. Whether or not a farmer transport-

ing his own produce to market for sale might be said to be engaged in the business of selling produce, he can hardly be held, by reason thereof, to be engaged in the business of transporting produce. To transport one's own goods is not to be engaged in the transportation business.

(3) Those engaged in the business of buying and selling or transporting natural gas:

Plaintiff's bill contains no allegations to the effect that Sohio is or will be so engaged. If, as disclosed by the proofs, Sohio's sole operations in this connection consist of producing gas from its own wells, piping and transporting and selling it to a single contract purchaser, it cannot be said that Sohio is engaged in the business of buying and selling natural gas for the reason that it sells but does not buy.

Inasmuch as plaintiff's bill of complaint fails to bring Sohio within any of the classifications specified in section 1 of the act, it would seem to follow that, therefore, Sohio is not a corporation referred to in section 9 of the act as being "within the terms of the act" and required to obtain commission approval of its pipe line under said section 9. This conclusion is supported by an examination of the act as a whole. Section 9 itself, in requiring that those "within the terms of the act" shall apply to the commission for approval of a pipe line before its construction, imposes on the commission the duty to "inquire into the necessity and practicability of such transmission line" and to "determine that such line or lines will when constructed and in operation serve the convenience and necessities of the public before approval." Manifestly, the transportation of one's own gas for sale to a single contract purchaser cannot be demonstrated to be a matter of public convenience and necessity. Failing in this, is Sohio to be prohibited from transporting the gas from its own wells to a contract purchaser? There is nothing in the act to

evidence such an intent.   Section 4 of the act requires those within the classifications specified in section 1 to be common purchasers and to purchase all natural gas in the vicinity, et cetera.   It cannot be said that it was the legislative intent to impose such a duty upon one undertaking to transport its own gas from its own wells.   Neither can the right of eminent domain conferred by section 2 upon those within the terms of the act be conferred upon an operator such as Sohio engaged in a purely private enterprise. *Mansfield, C. & L. M. R. Co.* v. *Clark,* 23 Mich. 519; *Pere Marquette R. Co.* v. *United States Gypsum Co.,* 154 Mich. 290 (22 L. R. A. [N. S.] 181).   Section 3 of the act, which vests in the commission certain powers of regulation and control, places thereunder only those engaged "in the business of purchasing or selling or transporting natural gas *for public use.*"   The conclusion is inescapable that the requirements of section 9 have no application to one in the position of Sohio as described in plaintiff's bill of complaint and that Sohio may construct its gathering and transmission lines and transport its own gas from its own wells through these lines to its contract purchaser without commission approval or a certificate of convenience and necessity as provided for in Act No. 9.   In so holding we are not unmindful of the applicability of the proration provisions of section 7 of the act to all who produce or receive gas from producers.

Our view that the bill of complaint was properly dismissed for the reasons indicated renders a consideration of other questions raised unnecessary. The order of the trial court is affirmed, with costs to defendant, Sohio Petroleum Company, against plaintiff.

Sharpe, Reid, Butzel, and Carr, JJ., concurred with Dethmers, J.

NORTH, J. (*concurring*).   I concur in the result reached by Mr. Justice DETHMERS solely on the following grounds.   I think the controlling question in this case is whether defendant Sohio Petroleum Company should have complied with Act No. 9, § 9, Pub. Acts 1929 (2 Comp. Laws 1929, § 11640 [Stat. Ann. § 22.1319]).   The record before us discloses that the Sohio Petroleum Company in the first instance made a bona fide attempt to comply with the above cited section and to secure the approval of the commission as required thereby; but that the commission through its engineering department notified Sohio Petroleum Company that under the circumstances the approval of the commission was not required.   The commission has filed a brief in the instant case wherein it states:

"It is respectfuly submitted that the construction here contended for is in accordance with the legislative purpose and intent when the act was enacted; that the Sohio Petroleum Company has substantially complied with all the requirements of the act and should be considered as having obtained the commission's approval for the construction of its line; and, that the order of the lower court should be affirmed."

Hence, under the record in the instant case it appears to me that it would be inequitable to now grant to plaintiff the injunctive relief sought against the Sohio Petroleum Company.   That being the only relief sought, I concur in the opinion of Mr. Justice DETHMERS wherein he affirms the decree and order of the circuit court dismissing plaintiff's bill of complaint and giving costs to the defendant Sohio Petroleum Company, against plaintiff.

BUSHNELL, C. J., and BOYLES, J., concurred with NORTH, J.