NATIONAL STEEL CORPORATION v PUBLIC SERVICE
COMMISSION

Docket No. 134783. Submitted December 21, 1993, at Lansing. Decided April 19, 1994, at 9:25 A.M.

National Steel Corporation and Novacorp International Pipelines, Ltd., brought an action in the Ingham Circuit Court against the Public Service Commission, seeking declaratory and injunctive relief regarding the commission's jurisdiction to regulate the plaintiffs' gas pipe line project. National Steel proposes to import natural gas from Canadian suppliers from Windsor, Ontario, through a pipe line to be constructed under the Detroit River from Windsor directly to National Steel's plant on the river. Novacorp will construct and operate the pipe line. The plan does not involve gas transmission for public use because Novacorp will transmit the gas directly to National Steel's plant solely for National Steel's use at the plant, and no sale of gas to others is involved. The court, Carolyn Stell, J., granted summary disposition for the plaintiffs. The defendant appealed.

The Court of Appeals *held:*

1. The defendant lacks jurisdiction to regulate the project under 1929 PA 9, MCL 483.101 *et seq.*; MSA 22.1311 *et seq.*, because the commission's specific grant of regulatory authority under the act is limited to those transporting, purchasing, and selling natural gas for public use. The plaintiffs' plan does not involve gas transmission or sale for public use.

2. National Steel will own the gas when it enters the pipe line, which it will also own, and the pipe line will pass through only property owned by National Steel. The transportation of one's own gas for use in one's business is not a matter of public convenience or necessity.

3. The plaintiffs will not provide gas to or for the public and,

REFERENCES

Am Jur 2d, Administrative Law §§ 52, 56, 58, 227, 274; Public Utilities § 88.

Validity of imposition, by state regulation, of natural gas priorities. 84 ALR3d 541.

The doctrine of primary administrative jurisdiction as defined and applied by the Supreme Court. 38 L Ed 2d 796.

therefore, 1929 PA 69, MCL 460.501 *et seq.*; MSA 22.141 *et seq.*, is inapplicable on its face to the plaintiffs' project.

4. The trial court properly held that neither act grants the commission jurisdiction to regulate the plaintiffs' project.

Affirmed.

1. GAS AND OIL — PUBLIC SERVICE COMMISSION — AUTHORITY.

The Public Service Commission has no common-law powers, but only the authority expressly conferred on it by specific statute.

2. GAS AND OIL — PUBLIC SERVICE COMMISSION — JURISDICTION — PRIVATE PIPE LINE PROJECTS.

The Public Service Commission does not have jurisdiction to regulate a natural gas pipe line project that involves the transportation of a corporation's own gas to itself for use in its own business and no public utility or the purchase, sale, or transportation of natural gas for public use is involved (MCL 460.501 *et seq.*, 483.101 *et seq.*; MSA 22.141 *et seq.*, 22.1311 *et seq.*).

*Hill Lewis* (by *Douglas H. West, Louis J. Porter,* and *Marsha K. Nettles*), for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Don L. Keskey* and *Henry J. Boynton,* Assistant Attorneys General, for the defendant.

Amicus Curiae:

*Foster, Swift, Collins & Smith, P.C.* (by *William K. Fahey*), and *Daniel L. Schiffer* and *Dennis R. O'Connell,* for Michigan Consolidated Gas Company.

Before: SHEPHERD, P.J., and MCDONALD and JANSEN, JJ.

PER CURIAM. The Public Service Commission appeals an October 24, 1990, Ingham Circuit Court decision that the commission lacks jurisdiction to regulate plaintiffs' gas pipe line project.

National Steel Corporation operates Great Lakes Steel in Ecorse and River Rouge, Michigan. It proposes to import natural gas from Canadian suppliers from Windsor, Ontario, through a sixteen-inch pipe line to be constructed under the Detroit River from Windsor directly to National Steel's plant on the river. Novacorp International Pipelines, Ltd., will construct and operate the pipe line. National Steel has acquired necessary federal import, construction, and operating permits for the project.

On March 29, 1988, Michigan Consolidated filed a complaint with the PSC alleging that construction and operation of the pipe line were subject to the jurisdiction of the PSC under 1929 PA 9, MCL 483.101 *et seq.*; MSA 22.1311 *et seq.* (Act 9), or 1929 PA 69, MCL 460.501 *et seq.*; MSA 22.141 *et seq.* (Act 69).

Instead of answering the complaint, plaintiffs filed a complaint for declaratory and injunctive relief in the Ingham Circuit Court. The circuit court granted plaintiffs' motion for summary disposition. The court held that neither plaintiff is a public utility under either act and that state jurisdiction was preempted by federal regulatory approval of the project. We affirm.

We deal only with Novacorp's status because even the commission does not contend that National Steel is a public utility under the acts. We reject any suggestion to the contrary because National Steel's business is steelmaking.

The commission has no common-law powers, but only the authority expressly conferred on it by specific statute. *Union Carbide Corp v Public Service Comm,* 431 Mich 135; 428 NW2d 322 (1988). Act 9's grant of authority to the commission is stated in § 3 of the act, MCL 483.103; MSA 22.1313, beginning:

There is hereby granted to and vested in the Michigan public utilities commission, hereinafter styled the "commission," the power to control and regulate corporations, associations and persons engaged, directly or indirectly, in the business of purchasing or selling or transporting natural gas *for public use;* and said commission shall investigate any alleged neglect or violation of the laws of the state by any corporation, association or person purchasing or selling natural gas and transmitting or conveying the same by pipe line or lines *for public use.* [Emphasis added.]

Act 9 grants the commission power to control and regulate the purchase, sale, and transportation of natural gas for public use. *Antrim Resources v Public Service Comm,* 179 Mich App 603, 609; 446 NW2d 515 (1989). Section 3 of that act "vests in the commission certain powers of regulation and control" over only those engaged in the business of transporting, buying, and selling gas *for public use. Michigan Consolidated Gas Co v Sohio Petroleum Co,* 321 Mich 102, 110; 32 NW2d 353 (1948).

Plaintiffs' plan does not involve gas transmission for public use. Novacorp will transmit the gas directly to National Steel's plant solely for its use there. No sale of the gas to others is involved. Hence, the commission lacks jurisdiction to regulate the project under Act 9. The specific grant of authority to the commission in § 3 of Act 9 limits its authority under § 1 of the act, MCL 483.101; MSA 22.1311, to those transporting, purchasing, and selling natural gas for public use.

The fact that Sohio Petroleum was transporting gas from its own wells is not controlling. The point of *Sohio Petroleum* was that Sohio's transportation and sale to a single contract purchaser was not a matter of public convenience and necessity within

the commission's jurisdiction. 321 Mich 109. In this case, there is not even a "single contract purchaser" of the gas to be transported through the pipe line because National Steel will own the gas when it enters the pipe line, which it will also own and which will feed directly onto National's property from Canada without passing through any other property. Novacorp's sole involvement in this transaction will be to act as National Steel's agent in constructing and operating National Steel's pipe line. Novacorp will not be purchasing the gas or selling the gas, and the pipe line through which the gas will flow will belong to National Steel, not Novacorp. It follows, therefore, that the transportation of one's own gas for use in one's business cannot be demonstrated to be a matter of public convenience and necessity either.

Act 69, § 2 provides:

> No public utility shall hereafter begin the construction or operation of any public utility plant or system thereof nor shall it render any service for the purpose of transacting or carrying on a local business either directly, or indirectly, by serving any other utility or agency so engaged in such local business, in any municipality in the state where any other utility or agency is then engaged in such local business and rendering the same sort of service, or where such municipality is receiving service of the same sort, until such public utility shall first obtain from the commission a certificate that public convenience and necessity requires or will require such construction, operation, service, or extension. [MCL 460.502; MSA 22.142.]

Act 69, § 1 defines "public utility":

> The term "public utility," when used in this act, means persons and corporations, other than municipal corporations, or their lessees, trustees and

receivers now or hereafter owning or operating in this state equipment or facilities for producing, generating, transmitting, delivering or furnishing gas or electricity for the production of light, heat or power *to or for the public for compensation.* [MCL 460.501; MSA 22.141. Emphasis added.]

As indicated above, plaintiffs' plan does not provide gas to or for the public. Act 69, therefore, is inapplicable on its face. But the PSC argues the plan violates the act because it will operate in the area where Michigan Consolidated Gas Company now operates. The PSC and amicus curiae, Michigan Consolidated, rely on *Dome Pipeline Corp v Public Service Comm,* 176 Mich App 227; 439 NW2d 700 (1989).

*Dome Pipeline* is distinguishable on several grounds. Dome proposed to transport gas produced by five major multinational gas companies to an industrial customer and was therefore a carrier for hire. *Id.* at 233-234. Dome's transportation was held to be the functional equivalent of a purchase followed by a resale with profit margins based on handling charges for transportation. *Id.* at 234. Further, Dome was a virtual monopoly. *Id.* at 236. And Dome had exercised the power of eminent domain. *Id.* at 236-237.

By contrast, in the present case, Novacorp does not need any power of eminent domain to construct the pipe line onto National Steel's own property. Further, there is no assertion that Novacorp is a virtual monopoly. In addition, there was no claim in *Dome Pipeline* that the industrial customer, Guardian Industries, would own the pipe line and that it would be a short pipe line going directly from the Canadian side of the Detroit River to private property in Michigan owned by Guardian where it would be used. Further, a similar "functional equivalent" argument was re-

jected in *Michigan Consolidated Gas Co v Panhandle Eastern Pipe Line Co,* 887 F2d 1295 (CA 6, 1989).

Because the commission lacks jurisdiction under either statute, we do not discuss federal preemption. The judgment of the circuit court is affirmed.